UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**THOMAS EDWARD HUMPHREY,**
　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 24-10325-IT

**MISSOURI STATE HIGHWAY PATROL,**
　　　　Defendant.

ORDER TRANSFERRING ACTION
April 10, 2024

**TALWANI, D.J.**

　　This action is hereby <u>TRANSFERRED</u> to the United States District Court for the Western District of Missouri pursuant to the 28 U.S.C. §1406(a).

　　On March 4, 2024, this court ordered Thomas Edward Humphrey to show cause why this action should not be transferred based on improper venue. <u>Order</u> [Doc. No. 5]; <u>see</u> 28 U.S.C. § 1390(a) ("venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts."). As the court explained, venue is improper in the District of Massachusetts because the Defendant Missouri State Highway Patrol does not reside in Massachusetts, and none of the alleged actions or omissions – an arrest in Missouri – occurred in the District of Massachusetts. <u>Order</u> 2 [Doc. No. 5]; <u>see</u> 28 U.S.C. § 1391(b) (Venue is typically premised on, among other things, the judicial district where the defendants reside, or where the acts and omissions occurred.). Here, the detailed narrative attached to the Complaint describes Mr. Humphrey's arrest by Defendant Missouri State Highway Patrol on August 5, 2021, in Ava, Missouri. <u>See</u> <u>Complaint</u> [Doc. No. 1], Basis of Claim.

On March 7, 2024, Mr. Humphrey filed a response, claiming that the case should not be transferred because he is "currently a resident of Massachusetts." Response [Doc. No. 6]. The Court credits this statement; however, Mr. Humphrey's residence is irrelevant in determining venue, which is defendant-focused.

Accordingly, because the action is improperly venued, it may be dismissed or transferred to a federal court with proper venue. See Axcella Bldg. Realty Tr. v. Thompson, No. CV 23-40151-DHH, 2024 WL 474539, at *2 (D. Mass. Jan. 25, 2024) (citation omitted) (screening and dismissing a complaint when it is "obvious from the face of the complaint and no further factual record is required' to determine that venue is improper."). The court finds that it is in the interest of justice to transfer the action to the Western District of Missouri for screening because venue appears proper in that district. The court takes no position as to the merits of the action.

**SO ORDERED.**

April 10, 2024                    /s/ Indira Talwani
                                  Indira Talwani
                                  United States District Judge