**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

THOMAS EDWARD HUMPHREY,       )
                              )
          Plaintiff,          )
                              )
     v.                       )          Case No. 2:24-cr-04054-SRB
                              )
MISSOURI STATE HIGHWAY PATROL, )
                              )
          Defendant.          )

## ORDER

Before the Court is Defendant Missouri State Highway Patrol's ("Defendant") Motion to

Dismiss.  (Doc. #29.)  For the reasons discussed below, the motion is GRANTED.

## I. BACKGROUND

The following allegations are taken from *pro se* Plaintiff Thomas Edward Humphrey's

("Plaintiff") Complaint (Doc. #1) without further citation or attribution unless otherwise noted.

Because this matter comes to the Court on a motion to dismiss, the allegations are taken as true.

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007)); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015).  Additional

allegations relevant to the parties' arguments are discussed in Section III.

This case arises from Plaintiff's arrest on August 5, 2021.  On that date, Plaintiff was

parked in a Walmart parking lot in Ava, Missouri.  Due to Walmart's policy of not allowing

overnight parking, an officer with the Ava Police Department instructed Plaintiff to leave the

parking lot.  Shortly after Plaintiff left the parking lot, he was pulled over by Corporal Daniel

Johnson, who assaulted him while removing him from his vehicle and handcuffing him.  Plaintiff

remained handcuffed in the booking area at Douglas County Jail for three and a half hours.

Meanwhile, his vehicle was searched and inventoried. Plaintiff was released from jail after five hours with no shirt or shoes, so he walked barefoot for two miles to retrieve his towed car. He was also displaced from his vehicle for four nights after this incident.

On February 5, 2024, Plaintiff filed a *pro se* complaint against Defendant in the District of Massachusetts for "assault, libel and liability." (Doc. #1-1, p. 1.) He alleged diversity jurisdiction, as he is a citizen of Massachusetts and Defendant is located in Missouri. On April 10, 2024, the Honorable Indira Talwani held that District of Massachusetts was an improper venue to bring these claims and the case was transferred to the Western District of Missouri. On April 23, 2024, Plaintiff was subsequently granted leave to file an amended complaint, wherein he alleged jurisdiction based on a federal question. Specifically, under 18 U.S.C. §§ 241-242, he alleges that the assault deprived him of his "liberty and private property without due process." (Doc. #18, p. 4.)

## II. LEGAL STANDARD

Rule 12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). When deciding a motion to dismiss, "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable." *Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849,

2

851 (8th Cir. 2009) (citations and quotations omitted).  However, while "*pro se* complaints are to be construed liberally, . . . they must still allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citation omitted).

## III.  DISCUSSION

Defendant states that

> Plaintiff ostensibly alleges the following causes of actions against Defendant: (1) unlawful detention and arrest, (2) excessive use of force, and (3) unlawful search and seizure in violation of the Fourth Amendment.  Plaintiff's Complaint is understood and has been construed for this motion as asserting Constitutional violations under 42 U.S.C. § 1983.

(Doc. #30, p. 3.)  Defendant then argues that "Plaintiff fails to state a claim upon which relief can be granted under § 1983 because the only named defendant, Missouri State Highway Patrol, is not a 'person' for the purposes of establishing a claim under § 1983."  (Doc. #30, p. 4.)  Further, "[b]ecause the Missouri State Highway Patrol is properly treated as the State of Missouri for the purposes of federal claims, it is cloaked in the state's [s]overeign [i]mmunity as expressed in the [Eleventh] Amendment to the Constitution of the United States of America."  (Doc. #30, p. 6.)  Lastly, Defendant asserts "[i]n the alternative wherein this Court may interpret Plaintiff's Complaint as alleging state tort claims against the same [D]efendant, such claims are barred by sovereign immunity."  (Doc. #30, p. 6.)  Specifically, "in the absence of any listed exception, the Missouri Tort Claims Act grants sovereign immunity to the state of Missouri when a personal injury case is brought against it."  (Doc. #30, p. 7.)

Plaintiff asserts "[t]he Missouri Tort Claims Act provides the necessary legal basis for [his] claims, and the jurisdiction of this Court is appropriate for adjudicating this action because the alleged offenses took place within this jurisdiction.  [Eleventh] Amendment restrictions do not apply to this matter."  (Doc. #34, p. 2.)  Further, Plaintiff states that he does not assert claims under § 1983.  He also argues that "[i]t is a readily provable fact that public officials in the

United States are required to be insured against depriving any individual of their rights.  This

requirement serves as clear evidence that there is no implied immunity, qualified immunity, or

absolute immunity afforded to such officials."  (Doc. #34, p. 7.)  He also "move[s] this honorable

Court for an order to include the State of Missouri as a named defendant in this action."  (Doc.

#34, p. 11.)

> "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI. . . .  "Absent waiver by the State or a valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court . . . ."  *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  "A suit generally may not be maintained against the State itself, or against an agency or department of the State, unless the State has waived its sovereign immunity."  *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982) (per curiam).

*Hinton v. Troop A Missouri State Highway Patrol*, No. 17-00128-CV-W-GAF, 2017 WL

4582470, at *1 (W.D. Mo. May 22, 2017).

> "Thus, in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court*."  [*Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)] (emphasis in original).  "In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, [the Court] will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction."  *Edelman* [*v. Jordan*], 415 U.S. [651,] 673 [(1974)] (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)). . . . [Where] Plaintiff makes no allegations that would support a finding that the State of Missouri has waived its Eleventh Amendment protection . . . [and] Missouri has not expressly specified that it is subjecting itself to suit in federal court[,] . . . the Eleventh Amendment bars Plaintiff's claims against the [Missouri State Highway Patrol].

*Id.* (citation omitted).  Further, "[a] state is not a 'person' under the Civil Rights Act and may not

be sued directly under § 1983."  *Conrod v. Missouri State Highway Patrol*, 810 S.W.2d 614, 617

(Mo. Ct. App. 1991) (citing *Aubuchon v. Missouri*, 631 F.2d 581, 582 (8th Cir.1980)).  For

4

common law tort claims, "[Missouri State Highway Patrol] is protected by sovereign immunity." *Id.* (quoting *Spotts v. City of Kansas City*, 728 S.W.2d 242, 246 (Mo. App. 1987)).

Here, the Court agrees with Defendant, finding that the Eleventh Amendment bars Plaintiff's claims against Defendant. Plaintiff does not allege that Missouri has waived its Eleventh Amendment protection, making its sub-entity, Defendant, subject to suit in federal court.[1] *See Hinton*, 2017 WL 4582470, at *1. Further, although Plaintiff states he does not allege a claim under § 1983, to the extent that any of his claims could be construed as such, Defendant may not be sued directly under § 1983. *See Conrod*, 810 S.W.2d at 617. To the extent Plaintiff alleges common law tort claims, Defendant is also protected by sovereign immunity. *See id.* Thus, Plaintiff's claims are dismissed.

## IV. CONCLUSION

Accordingly, it is ORDERED that Defendant Missouri State Highway Patrol's Motion to Dismiss (Doc. #29) is GRANTED. Plaintiff Thomas Edward Humphrey's claims are DISMISSED. Further, Plaintiff's Motion for Summary Judgment with Regard to Liability (Doc. #36) is DENIED AS MOOT, given that this case is now dismissed.[2] The Clerk of the Court is directed to mail a copy of this order to Plaintiff at his last known address.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
Dated: July 23, 2024                              UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's request to add the State of Missouri as a Defendant is DENIED. Given that the Eleventh Amendment would also clearly bar this request, it is futile.

[2] Plaintiff's motion is also untimely given that no scheduling order has been entered in this case, which would outline the summary judgment deadline after discovery had closed.

5